ST. PAUL, J.
 

 This case is the sequel to Wall v. Dudley, 152 La. 911, 94 So. 441. In that case there was judgment below ejecting defendant from certain premises which he claimed the right to occupy at a rental of •$S0 per month. Defendant then appealed suspensively from said judgment; and pending such appeal continued in possession of ■said premises, paying meanwhile the said $80 per month, in this case plaintiff seeks to recover from defendant the difference between the rental paid by defendant and the actual rental value of said premises, during the time which elapsed between the date when ■said premises should have been vacated and the date when said premises were actually vacated, to wit, some three months before said judgment was affirmed by this court— being three years.
 

 I.
 

 The trial judge fixed the additional rental value of the premises occupied by defendant, over the rental actually paid by him, at the .sum of $70 per month. That is to say, he fixed the rental value of the whole building at $200 per month, fixed the rental value of that part thereof occupied and used by another tenant at $50 per month, and fixed the rental value of that part thereof occupied and used by defendant at $150 per month. And defendant appeals.
 

 IL
 

 As above indicated, the building was occupied jointly by two tenants; one of whom ran a sidewalk filling-station, and occupied desk room in the building and a small space for the storage of lubricating oil and an air-compressing apparatus; and defendant occupied the rest of the building for his business of dealer in automobiles, accessories, and parts. At the time the ejectment suit was filed, the filling-station tenant paid $24 per month, and defendant paid $80; in all $104 for the whole building.
 

 There is little or no evidence in the record as to how the present value of $200 per month for the whole building should be divided between the two tenants, except that the filling-station tenant actually pays $65 per month for the filling-station privilege and the small space occupied by him in the building, which $65 per month includes the rental of a gasoline pump and tank belonging to plaintiff. The trial judge fixed the rental value of said pump and tank at $15 per month, and thus fixed the rental paid for the small space occupied for desk room and storage (including the sidewalk privilege) at $50 per month; and this $50 he then deducted from the $200 which he fixed as the rental value of the whole building, thus leaving $150 as the rental value of .that part of the building occupied by defendant. Deducting from the $150 the $80 paid by the defendant, there remained a difference of $70 per month, for which the trial judge gave judgment against defendant.
 

 As the deduction of $50 per month for the space occupied by the filling-station tenant seems to us fair, the only question remaining is whether $200 per month represents fairly the rental value-of the whole building.
 

 
 *955
 
 III.
 

 This presents only a question of fact. Sixteen witnesses were examined as to the rental value of the building. Their testimony occupied two days in the giving, and takes up 200 pages of the transcript.
 

 Their estimates run all the way from $100 by defendant and one of his witnesses to $250 by plaintiff and one of his witnesses. But the fact remains that the building is one of the most desirable locations in the city of Lake Charles, situated on a corner and near the business center of the city; that a number of nearby buildings of the same general character and dimensions were and are actually rented for $150 to $225 and $250 per month; and that plaintiff received an unsolicited offer from a responsible tenant of $225 for the building — which, however, he could not consider, since defendant was in possession.
 

 It is true that the filling-station tenant had a lease for the whole of the three years (or a part thereof), and the offer held only for the whole building. But that does not alter the fact that the $225 was a bona fide offer and must be considered in fixing the rental value of the building. Non constat but that the plaintiff might (as he certainly could) have occupied the building himself if unable to arrange matters with the other tenant^ but at any rate it does not lie in the mouth of this defendant, who withheld from plaintiff the right of doing so if he chose, to deny that such occupancy was worth to plaintiff the difference between the rent received from that other tenant and the rental value of the whole building. That would be permitting him to profit by his own wrongful act. And finally the trial judge discounted that offer by $25 per month, equal to $900 for the three years; thus making a liberal allowance for what it might have cost plaintiff to arrange matters with that other tenant.
 

 On the whole, our conclusion is that the rental value fixed by the trial judge is a fair one. He saw and heard the witnesses, and held his court within a stone’s throw of where the property is located; and we find no reason for disturbing his judgment.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.